**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROBIN D. BOWYER,

    Plaintiff,

v.            CIVIL ACTION NO.  5:09-cv-00402

COUNTRYWIDE HOME LOANS
SERVICING LP,

     Defendant.


**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Robin Bowyer's Motion to Remand and for Fees and Costs [Docket 5] and Defendant Countrywide Home Loans Servicing LP's Motion for Leave to File Surreply to Plaintiff's Motion to Remand and for Fees and Costs [Docket 10].

*I.  BACKGROUND*

This case arises out of Defendant's allegedly unlawful and tortious actions in attempting to collect a debt from Plaintiff through repeated telephone calls placed to her residence.  Plaintiff filed the instant lawsuit in the Circuit Court of Raleigh County, West Virginia, asserting nine causes of action, including violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code §§ 46A-1-101, *et seq*., negligence, outrage, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, and  violations of West Virginia's criminal statute prohibiting harassing telephone calls, W. Va. Code § 61-8-16.  Plaintiff seeks a judgment for actual damages, statutory damages, punitive damages, attorney's fees, and costs.

This matter is before the Court on Defendant's second notice of removal.  This action previously was removed to this Court and designated as Civil Action No. 5:09-cv-00027.  The prior notice of removal asserted that the basis for this Court's diversity jurisdiction over the matter, 28 U.S.C. § 1332, was evident from the complaint.  The complaint contained no ad damnum clause stating an amount of damages sought, and no discovery had taken place prior to removal.  Plaintiff responded by filing a motion to remand the action to the Circuit Court.

While Plaintiff's motion to remand was pending, the parties began to engage in discovery. On March 24, 2009, Plaintiff supplied her initial disclosures to Defendant under Rule 26(a)(1) of the Federal Rules of Civil Procedure.  The disclosure contained a log of debt collection telephone calls received by Plaintiff after she had informed Defendant that she was represented by an attorney with respect to the debt at issue.  The log reflected 2951 telephone calls, each one of which potentially was a separate violation of the WVCCPA's so-called Representation Provision, W. Va. Code § 46A-2-128(e).[1]  For each violation of the WVCCPA a debt collector is exposed to a maximum possible statutory penalty of approximately $4300.  W. Va. Code §§ 46A-5-101(1), -106; *see also Countryman v. NCO Fin. Sys.*, 5:09-cv-00288, 2009 U.S. Dist. LEXIS 46019, at *5–8, 2009 WL 1506720, at *2 (S.D. W. Va. May 27, 2009) (Johnston, J.) (discussing calculation of amount in controversy for claims under the WVCCPA).  The telephone call log was not brought to the Court's attention at that time.  The Court subsequently granted Plaintiff's motion to remand the action, holding that Defendant had not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeded 28 U.S.C. § 1332(a)'s jurisdictional threshold.

---

[1] Section 46A-2-128 prohibits "unfair or unconscionable means" of debt collection, including "[a]ny communication with a consumer whenever it appears that the consumer is represented by an attorney."

2

On April 22, 2009, one day after the Court entered the order remanding this action and less than thirty days after the call log was disclosed, Defendant filed a second notice of removal.  The second notice of removal cites the call log as evidence that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.  Defendant argues that the call log is "other paper" within the meaning of 28 U.S.C. § 1446(b) which entitles it to file a second notice of removal.  Plaintiff, in her briefing in support of the pending motion to remand,  contends that the second removal is improper because the Court lacks jurisdiction to reconsider its remand order, because the second removal is an impermissible attempt to cure a defect in the first notice of removal, and because the call log is not "other paper" sufficient to supply the grounds for a successive removal.  This matter is fully briefed and ripe for the Court's consideration.

## II.  DISCUSSION

United States "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists.  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  The Court's jurisdiction over a removed action is evaluated based on the record as it existed at the time of removal.  *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 635 (S. D. W. Va. 2009) (Johnston, J.)  Because

removal jurisdiction is strictly construed, all doubt is resolved in favor of remand.  *Mulcahey*, 29 F.3d at 151.

Where, as was the case here, the initial pleading does not support removal of the action to the federal forum,

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title   more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  Although the Fourth Circuit has not directly addressed the question,[2] other courts have consistently held that § 1446 permits a party to file a second notice of removal after a prior unsuccessful attempt at removal.  *See In re Diet Drugs*, 282 F.3d 220, n.8 (3rd Cir. 2002); *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir. 1999); *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *O'Bryan v. Chandler*, 496 F.2d 403, 408 (10th Cir. 1974); *McPhatter v. Sweitzer*, 401 F. Supp. 2d 468, 471 (M.D.N.C. 2005); *Grover v. Comdial Corp.*, 275 F. Supp. 2d 750, 753 (W.D. Va. 2003).   These holdings are well-grounded in the text of § 1446.  This section permits removal within thirty days of the service of a document "from which it may *first* be ascertained" that the case is removable.  28 U.S.C. § 1446(b) (emphasis added).  If a notice of removal is properly filed "together with a copy of all process, pleadings, and orders served upon"

---

[2]  A footnoted comment in *Severonickel v. Reymenants (In re Gaston Reymenants)*, could be could be construed as indicating the Fourth Circuit's disapproval of successive removals. 115 F.3d 265, 268 n.3 (4th Cir. 1997) ("The district court may well have been mistaken in its observation that [the defendant] might be able to remove the case again, following additional discovery in state court."). However, as Judge Keeley recently observed, it appears that the comment in *Severonickel* was directed at a "successive removal on the *same grounds* as the first removal," and not to "removals based on *different grounds*." *Cain v. CVS Pharm., Inc.*, 5:08-cv-00079, 2009 U.S. Dist. LEXIS 17753, at *5 n.2, 2009 WL 539975, at *2 n.2 (N.D. W. Va. Mar. 4, 2009) (emphasis in original).

the defendant, 28 U.S.C. § 1446(a), but the case is subsequently remanded, then it is evident that there was no document in the record from which it could be ascertained that the case was removable. If, after the case is remanded, a document is served on the defendant that supplies sufficient grounds for removal, then it is the *first* document from which removal jurisdiction may be ascertained and § 1446(b)'s thirty-day window to remove the case is triggered. Nothing in the statutory text forecloses a removal under § 1446(b) following a prior unsuccessful removal attempt, and the Court will not write such a prohibition into the statute. Moreover, a blanket prohibition on successive removals would be manifestly unwise.[3]

A second removal will not be permitted under all circumstances, however. District courts do not have jurisdiction to entertain motions to reconsider orders remanding cases for want of jurisdiction. *See In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996). It follows that it would not be proper for a court to consider a motion to reconsider styled as a second notice of removal under § 1446(b). The distinction between a motion to reconsider and a proper successive removal is whether

---

[3] Judge Easterbrook, writing for the Seventh Circuit, has articulated the wisdom of permitting successive removals under § 1446(b):

> The only effect of adopting an absolute one-bite rule would be to encourage plaintiffs to be coy. Complaints need not include an ad damnum. This poses difficulties for defendants who believe that the stakes exceed $ 75,000 and prefer the federal forum. How is the amount in controversy to be established? . . . [I]t may be hard for defendants to make and substantiate a realistic estimate early in the case if plaintiffs keep mum. That is why the district judge remanded following defendants' initial notice of removal. Plaintiffs then 'fessed up, apparently believing that their earlier silence (coupled with the failed removal) had locked the case into state court. We see no reason to reward game-playing of this kind. . . . Now that it is clear that the jurisdictional requirements of § 1332 have been met, this case must be resolved in federal court.

*Benson*, 188 F.3d at 783.

5

they are predicated on the same or different grounds.  The Supreme Court has long held that a second removal may not be premised on the "same grounds" as the prior removal.  *St. Paul & C. Ry. v. McLean*, 108 U.S. 212, 217 (1883).  "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable."  *S.W.S. Erectors*, 72 F.3d at 492 (construing *McLean*, 108 U.S. at 217).  Thus, the rule in *McLean* that a second removal may not be pursued on the same grounds as a prior removal is readily reconcilable with the principle that § 1446(b) permits successive removals.  Section 1446(b) permits removal within thirty days of the defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case" is removable.  Where § 1446(b) is properly invoked to file a second notice of removal, the new document which makes the case removable constitutes a different ground for removal.

What represents a new ground for removal requires further clarification.  Under § 1446(b) a defendant's right to remove is triggered by the "receipt by the defendant" of an "amended pleading, motion, order or other paper" evidencing that the case is removable.  The "receipt" of information in writing, whether formally or informally, from the plaintiff is a necessary event that commences the thirty-day window to remove.  *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754–55 (4th Cir. 1996).  The defendant's subjective knowledge of grounds for removal is irrelevant and cannot independently create a right to remove the case.  *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008) (Goodwin, C.J.).  Rather, when assessing the propriety of the removal, "the court must 'rely on the face of the initial pleading and on the documents exchanged in the case by the parties . . . [and] requir[e] that those grounds be apparent within the four corners of the initial

6

pleading or subsequent paper.'" *Id.* (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997)).

Additionally, it should be noted that courts take a rather expansive view of the term "other paper" used in § 1446(b).  By employing such broad wording, it is evident that Congress intended that nearly any written document generated in the course of litigation and received by the defendant can supply grounds for removal.  Examples of documents recognized by courts as "other paper" under § 1446(b) include "requests for admissions, deposition testimony, settlement offers, answers to interrogatories, briefs, and product identification documents given in discovery."  *Id*; *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62  (collecting cases); *McPhatter*, 401 F. Supp. 2d at 474 n.9 (same).  A common example of a paper that serves as grounds for removal, and one which is particularly relevant to the case at hand, is a "disclosure that the stakes exceed the jurisdictional amount." *Benson*, 188 F.3d at 783.  With these principles in mind, the Court turns to the facts at hand.

Defendant's previous unsuccessful attempt to remove this case was premised on the complaint.  At that time, there were no documents in the record or otherwise received by Defendant that indicated that the amount in controversy exceeded the jurisdictional threshold.  Defendant may well have been aware that it potentially was facing statutory penalties for nearly three thousand telephone calls to Plaintiff, but its subjective knowledge of the amount in controversy was irrelevant under § 1446.  *Tolley*, 591 F. Supp. 2d at 845.  While the first motion to remand was pending, Plaintiff served Defendant with its Rule 26(a) initial disclosures, which included the call log reflecting that Plaintiff received 2951 telephone calls after she informed Defendant that she was represented by counsel. With each violation carrying a maximum statutory penalty of approximately

$4300, these numerous alleged violations of the WVCCPA's Representation Provision represent an amount in controversy well in excess of $1 million.

 As a written document generated by Plaintiff through the course of discovery and received by Defendant, the disclosure of the call log is "other paper" sufficient to trigger the right of removal under § 1446(b).  Had the call log been disclosed while this matter was pending before the Circuit Court and been attached to the first notice of removal, there is no question that the Court would have retained jurisdiction over the case.  Similarly, if the disclosure had occurred after remand, the right to file a successive notice of removal would have accrued.  *Cf. Benson*, 188 F.3d at 783.  The dispositive question, therefore, is whether it is of any consequence that the call log was received by Defendant in the interim period between removal and remand.  Plaintiff faults Defendant for failing to amend the notice of removal in response to the disclosure.  Plaintiff characterizes the second removal notice as a correction of the first, which was made defective by Defendant's failure to amend it to reflect the disclosure.  By this reasoning, the subsequent removal would be barred by the holding of *McLean*.  The Court does not agree with this characterization, however.

 Perhaps as a result of perceptions regarding the litigation climate in West Virginia's State Courts,[4] removal jurisdiction and related procedural issues are often vigorously contested before this Court.  To prevent these disputes from devolving into mini-trials unto themselves, courts in this district adhere to a simple rule for assessing removal jurisdiction: "courts base their decision on the record existing at the time the petition for removal was filed."  *Wickline*, 606 F. Supp. 2d at 635 (quoting *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001) (Haden, C.J.)).  By

---

[4] *See generally* Victor E. Schwartz et al., *West Virginia as Judicial Hellhole: Why Businesses Fear Litigating in State Courts*, 111 W. Va. L. Rev. 757 (2009).

operation of this rule, it is doubtful that the Court would have considered the call log had Defendant submitted it to supplement its first notice of removal.[5]  *Cf. Yarnevic*, 102 F.3d at 755 (holding that a defendant is not required to file an additional or supplemental notice of removal if circumstances change).  For this reason, it is inconsequential that Defendant did not attempt to amend its first notice of removal to reflect the disclosure of the call log—such an attempt likely would have been futile.

The call log was "other paper" reflecting grounds for removal not stated in or available for the first notice of removal, namely that the amount in controversy can be calculated based on 2951 alleged violations of the WVCCPA.  Because the call log was the first paper from which the amount in controversy could be ascertained, its receipt by Defendant made this case removable under § 1446(b).  Defendant properly exercised this right by filing the second notice of removal within thirty days of receipt of the call log and within one year of the commencement of this case.  There is no dispute that Plaintiff and Defendant are of diverse citizenship.  Accordingly, the Court **FINDS** that Defendant has met its burden of demonstrating by a preponderance of the evidence that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), 1441(a).

---

[5]  Taking this rule to its logical conclusion, defendants may *have to* wait for a case to be remanded and file a second notice of removal if a jurisdictionally significant disclosure is made while the motion to remand is pending.  This outcome seems cumbersome and needlessly formalistic.  It also begs the question of whether § 1446(b)'s thirty-day window to remove the action runs from the date of the disclosure or from the date of the remand order.  These are issues for another day, however.

9

*III.  CONCLUSION*

For the reasons stated above, Plaintiff's Motion to Remand and for Fees and Costs [Docket 5] is **DENIED**.  Defendant's Motion for Leave to File Surreply to Plaintiff's Motion to Remand and for Fees and Costs [Docket 10] is **GRANTED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        August 21, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE